IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WILLIAM GLEN PATE, JR.**                               **PETITIONER**

v.                          NO. 4:24-cv-00363-JM-PSH

**DEXTER PAYNE**                                          **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner William Glen Pate, Jr., ("Pate") challenges his guilty plea to a drug offense. It is recommended that this case be dismissed because the claims raised in his petition for writ of habeas corpus are procedurally barred from federal court review.

The record reflects that on March 14, 2024, Pate pleaded guilty in an Arkansas state trial court to possessing between two and ten grams of methamphetamine. He was sentenced to seven years' imprisonment with an additional three years' suspended imposition of sentence. A Sentencing Order was entered on the docket on March 15, 2024, and he did not thereafter appeal any aspect of his guilty plea or sentence.[1]

On April 22, 2024, Pate placed the petition at bar in the prison mailing system, and the petition was filed two days later by the Clerk of the United States District Court for the Eastern District of Arkansas. In the petition, Pate raised the following four claims: (1) a traffic stop that led to his arrest for the methamphetamine offense was a "targeted traffic

---

[1] Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea, although there are exceptions to the rule. See Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014).

stop," see Docket Entry 4 at CM/ECF 5; (2) the amount of methamphetamine he possessed did not justify him being charged with a Class C felony; (3) his initial appearance before a state trial judge was unnecessarily delayed; and (4) his trial attorney failed to provide constitutionally adequate representation.

Respondent Dexter Payne ("Payne") filed a response to the petition. In the response, Payne maintained that the petition should be dismissed because Pate's claims are procedurally barred from federal court review. Alternatively, Payne maintained that Pate's guilty plea waived several of his claims, and his remaining claims are without merit.

Pate was subsequently given an opportunity to file a reply to Payne's response. Pate filed several notices that did not address Payne's assertions but instead addressed the timeliness of Payne's response. Pate asked that Payne's response be disregarded because it was untimely.

A federal court cannot consider a claim if the petitioner failed to first present it to the state courts in accordance with the state's procedural rules. See Shinn v. Ramirez, 596 U.S. 366 (2022). A claim not so presented may nevertheless be considered in one of two instances. First, it can be considered if the petitioner can show cause for his procedural default and prejudice. See Burford v. Payne, No. 4:20-cv-00398-KGB-JJV, 2020 WL

3

8299805 (E.D. Ark. July 15, 2020), report and recommendation adopted, No. 4:20-cv-00398-KGB, 2021 WL 280880 (E.D. Ark. Jan. 27, 2021). Second, the claim can be considered if the petitioner can show that the failure to consider the claim will result in a fundamental miscarriage of justice, that is, a constitutional violation has resulted in the conviction of one who is actually innocent. See Id.

    Here, Pate did not present the claims at bar to the state courts of Arkansas. He could not have raised the claims in a direct appeal of his guilty plea, and there is no record of him having filed a post-trial motion challenging the legality of his sentence. There is also no record of him having filed a state petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure ("Rule 37"). Instead, he proceeded directly from entering a guilty plea in state court to filing the petition at bar in federal court. Thus, he has procedurally defaulted the claims, and the only question is whether his default can now be excused.

    Pate appears to maintain that his procedural default should be excused because he has been proceeding pro se and has no knowledge of how the judicial system operates and, alternatively, his trial attorney failed to provide constitutionally adequate representation. Pate's apparent assertions are unavailing for the reasons that follow.

4

First, Pate has indeed been proceeding without the assistance of counsel, and the undersigned accepts that he has no knowledge of how the courts operate. Those facts, though, do not excuse his procedural default. "[A] petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default." See Boyd v. Kelley, No. 5:17-cv-00325-DPM-JTK, 2019 WL 2866499, 5 (E.D. Ark. May 6, 2019), report and recommendation adopted, No. 5:17-cv-00325-DPM, 2019 WL 2864750 (E.D. Ark. July 2, 2019).

Second, before ineffective assistance of counsel can be used to establish cause for a procedural default, ineffective assistance of counsel must first be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Here, Pate never presented an ineffective assistance of counsel claim to the state courts as an independent Sixth Amendment claim, and he cannot now use ineffective assistance of counsel to establish cause for his default.

Notwithstanding the foregoing, Martinez v. Ryan, 566 U.S. 1 (2012), provides a means for excusing a procedural default when there is no counsel in an initial-review collateral proceeding. In that case, the United States Supreme Court held that ineffective assistance of post-conviction counsel may excuse the default of a substantial claim of ineffective assistance of counsel at trial. The Martinez exception, though, is of no benefit to Pate in this instance.

"Federal district courts in Arkansas have consistently held that a habeas petitioner … must, at a minimum, initiate a 'state collateral review proceeding' by filing a Rule 37 petition with the state trial court before he can rely on Martinez to excuse his procedural default." See Lane v. Kelley, 2017 WL 5473925, 4. Pate did not initiate a state collateral review proceeding by filing a Rule 37 petition and cannot rely upon Martinez.

Notwithstanding the foregoing, a showing of actual innocence can excuse a procedural default. The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). Pate has failed to make the requisite showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime[s] for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

Accordingly, the undersigned finds that Pate failed to give the state courts of Arkansas an opportunity to address the claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims are therefore procedurally barred from federal court review.[2]

It is therefore recommended that Pate's petition be dismissed, all requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Pate cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 5th day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In closing, the undersigned makes note of two matters. First, Payne's response was not untimely. Second, even were the undersigned to bypass Payne's assertion of procedural bar and reach Pate's claims, the claims do not warrant relief. Pate's guilty plea waived his first three claims, and his fourth claim—a challenge to his trial attorney's representation—is not supported by any facts.